UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN F.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
_____

**DECISION AND ORDER**

1:22-CV-00739 CDH

# INTRODUCTION

Plaintiff John F. ("Plaintiff") seeks review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), pursuant to Titles II and XVI of the Social Security Act (the "Act"). (Dkt. 1). Under Rules 5 through 8 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) and Local Rule of Civil Procedure 5.5(d), the matter has been presented for decision by the parties' filing of motions for judgment on the pleadings. (*See* Dkt. 9; Dkt. 11; Dkt. 12). For the reasons that follow, the Court denies Plaintiff's motion and grants the Commissioner's motion.

# BACKGROUND

On April 13, 2017, Plaintiff protectively filed applications for DIB and SSI. (Dkt. 6 at 20, 78-79).[1] His applications were initially denied on July 27, 2017. (*Id*. at

---

[1] In referencing the administrative transcript, the Court has referred to the page numbers generated by CM/ECF and found in the upper right corner of the documents.

20, 84-99). Plaintiff requested a hearing before an administrative law judge ("ALJ") (*id.* at 100-01), which was held on April 25, 2019 (*id.* at 38-54). On May 16, 2019, the ALJ issued an unfavorable decision. (*Id.* at 17-37). Plaintiff sought review from the Appeals Council, which denied his request on June 4, 2020. (*Id.* at 6-11). Plaintiff thereafter sought review in this District, and on August 27, 2021, the Hon. J. Gregory Wehrman entered a Decision and Order remanding the matter for further administrative proceedings. (*Id.* at 598-608).

On remand, the Appeals Council entered an order returning the matter to an ALJ and instructing the ALJ to "offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision." (*Id.* at 612-14). A hearing was held on May 3, 2022. (*Id.* at 535-68). On May 31, 2022, the ALJ issued an unfavorable decision. (*Id.* at 508-34). This action followed. (Dkt. 1).

## LEGAL STANDARD

### I. Administrative Determination of Disability

The Social Security Administration's ("SSA") regulations establish a five-step, sequential evaluation that an ALJ follows in determining whether a claimant is disabled within the meaning of the Act. *See Sczepanski v. Saul*, 946 F.3d 152, 156 (2d Cir. 2020); 20 C.F.R. §§ 404.1520(a), 416.920(a). At step one, the ALJ determines whether the claimant is currently engaged in substantial gainful work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not, the ALJ continues to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. *Id.*

§§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is "severe" within the meaning of the Act if it significantly limits the claimant's physical or mental ability to do basic work activities. *Id.* §§ 404.1520(c), 416.920(c).

If the claimant has at least one severe impairment, the ALJ proceeds to step three. There, the ALJ determines whether the claimant's impairment or impairments meet or medically equal the criteria of the impairments listed in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant does not have an impairment that both meets or medically equals a Listing and satisfies the Act's durational requirement, *see id.* §§ 404.1509, 416.909, the ALJ must determine the claimant's residual functional capacity ("RFC"), *id.* §§ 404.1520(e), 416.920(e). "The Social Security regulations define residual functional capacity as the most the claimant can still do in a work setting despite the limitations imposed by his impairments." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013); *see* 20 C.F.R. §§ 404.1545, 416.945.

At step four, the ALJ determines whether, in light of the RFC assessment, the claimant is capable of performing any past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is unable to perform any past relevant work, the ALJ proceeds to the fifth and last step. At this step, the burden shifts to the Commissioner to demonstrate that, taking into account the claimant's age, education, work experience, and RFC, the claimant is capable of performing substantial gainful work that exists in the national economy. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## II.    Review by the Court

The Court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying an application for DIB or SSI. It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted). Instead, in performing its review, the Court is "limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian*, 708 F.3d at 417 (citation omitted). If the Commissioner's findings of fact are supported by substantial evidence, they are "conclusive." 42 U.S.C. § 405(g). In other words, "[i]f there is substantial evidence to support the determination, it must be upheld." *Selian*, 708 F.3d at 417.

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

## DISCUSSION

### I.    The ALJ's Decision

The ALJ applied the five-step, sequential evaluation described above in determining whether Plaintiff was disabled. Before proceeding to step one, the ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2011. (Dkt. 6 at 514).

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since December 31, 2010, the alleged onset date. (*Id.*). The ALJ found at step two that Plaintiff had the following severe impairments: "depression, bipolar disorder, panic disorder with agoraphobia and obsessive-compulsive disorder [.]" (*Id.*). The ALJ also concluded that Plaintiff had the following non-severe impairments: obesity, hypertension, and diabetes. (*Id.*).

The ALJ found at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the Listings. (*Id.* at 515). At step three, the ALJ specifically discussed the criteria of Listings 12.04 and 12.06. (*Id.* at 515-16).

The ALJ assessed Plaintiff's RFC and determined that Plaintiff retained the ability to perform a full range of work at all exertional levels, with the additional limitations that Plaintiff:

> is able to understand, remember and carry out simple instructions and tasks. He is able to work in a low stress work environment reflected by simple work with no supervisory duties and no independent decision-making. He is able to perform tasks with only minimal changes in work routine and processes. He must avoid more than occasional interaction with supervisors, co-workers and the general public.

(*Id.* at 516-17). The ALJ then proceeded to step four and found that Plaintiff was unable to perform any past relevant work. (*Id.* at 525).

The ALJ found at step five that—considering Plaintiff's age, education, work experience, and RFC—there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. (*Id.* at 526-27). The ALJ ultimately

concluded that Plaintiff was not disabled, as defined in the Act, from December 31, 2010, through the date of the ALJ's decision. (*Id.* at 527).

## II. The Commissioner's Final Determination is Supported by Substantial Evidence and does not Contain a Reversible Legal Error

Plaintiff argues that the ALJ erred in evaluating the medical opinion of Dr. Andrew Reichert and that this error warrants vacatur and remand. (*See* Dkt. 9-1 at 1). The Court is unpersuaded by this argument, for the reasons set forth below.

### A. Standard for Assessment of Medical Opinions

In adjudicating a disability application, an ALJ must consider and weigh the evidence of record, including medical opinions. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *see also* 20 C.F.R. §§ 404.1520c(b), 416.920c(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record."). The Commissioner's regulations set forth the following factors that the ALJ considers when assessing the persuasiveness of a medical opinion: (1) supportability, meaning that, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . ., the more persuasive the medical opinions . . . will be"; (2) consistency, meaning that, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be"; (3) relationship with the claimant, including the length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and whether the relationship

included a physical examination; (4) specialization, meaning that the opinion of a specialist "may be more persuasive about medical issues related to his or her area of specialty" than the opinion of a non-specialist; and (5) "other factors that tend to support or contradict a medical opinion," which includes but is not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

Supportability and consistency are the most important factors, and must be discussed in the ALJ's decision. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may, but is not required to, explain how he or she considered the other factors. *Id.*

### B. Dr. Reichert's Opinions and the ALJ's Assessment

Dr. Reichert, Plaintiff's treating psychiatrist, completed a Mental Impairment Questionnaire (Listings) on March 2, 2019. (Dkt. 6 at 504-07). Dr. Reichert opined that Plaintiff would have moderate limitations in understanding, remembering, or applying information, and interacting with others, and marked limitations in concentrating, persisting, or maintaining pace, and adapting or managing oneself. (*Id.* at 506). Dr. Reichert further opined that Plaintiff's impairments would cause him to be absent from work more than four days per month. (*Id.*).

On March 1, 2022, Dr. Reichert completed a Mental Impairment Questionnaire (RFC & Listings). (*Id.* at 771-76). Dr. Reichert opined that Plaintiff was "seriously limited, but not precluded" as to working in coordination with or proximity to others without being unduly distracted, completing a normal workday and work week without interruptions from psychologically based symptoms, performing at a

consistent pace without an unreasonable number and length of rest periods, and dealing with normal work stress. (*Id*. at 773). In all the other identified mental abilities and aptitudes needed to do unskilled work, Dr. Reichert opined that Plaintiff was either "unlimited or very good" or "limited but satisfactory." (*Id*.). Dr. Reichert opined that Plaintiff had no restrictions in his activities of daily living, moderate to marked difficulties in maintaining social functioning, and moderate to marked difficulties in maintaining concentration, persistence, or pace. (*Id*. at 775). Dr. Reichert again opined that Plaintiff's impairments would cause him to be absent from work more than four days per month. (*Id*. at 776).

  The ALJ provided a detailed analysis of Dr. Reichert's opinions in his decision. The ALJ found that Dr. Reichert's opinion that Plaintiff had moderate to marked difficulties in maintaining social functioning was not persuasive, explaining that it was unsupported by Dr. Reichert's treatment notes. (Dkt. 6 at 522). The ALJ further found Dr. Reichert's opinions that Plaintiff had marked limitations in adapting or managing himself and maintaining concentration, persistence and pace were not persuasive, because Dr. Reichert provided no support for these opinions and his treatment records noted no significant problems in adapting or managing oneself. (*Id*.). The ALJ explained that Dr. Reichert's examinations of Plaintiff showed that his memory and attention span were intact and his concentration was fair. (*Id*.).

  The ALJ also concluded that Dr. Reichert's opinions that Plaintiff would be absent from work more than four times a month, unable to deal with normal work stress, and unable to complete a normal work day were unpersuasive, because Dr. Reichert again provided no supporting evidence for these conclusions. (*Id*.). The ALJ

- 8 -

also considered the lack of consistency between Dr. Reichert's opinion and the observations of consultative examiners Dr. Janine Ippolito and Dr. Christine Ransom, as well as the lack of consistency between Dr. Reichert's opinion and Plaintiff's own reports regarding his daily activities. (*Id.*).

Plaintiff argues that the ALJ's conclusions were cursory and "not entirely in agreement with the evidence of record." (Dkt. 9-1 at 20). The Court disagrees, and finds that the ALJ's conclusions were adequately explained and supported by substantial evidence. Turning first to the ALJ's conclusion regarding Plaintiff's limitations in maintaining social functioning, the ALJ explained that Dr. Reichert's treatment records reflected a decrease in the frequency of panic attacks and improvements in mood and that Plaintiff had been able to present at appointments as cooperative. (Dkt. 6 at 522). He noted that Plaintiff had presented as cooperative and socially appropriate at both consultative examinations, and that Drs. Ippolito and Ransom's observations supported the conclusion that Plaintiff could tolerate occasional interaction with supervisors, co-workers and the general public. (*Id.*). The ALJ also cited Plaintiff's own reports that he could perform the activities of daily living and spent a lot of time with friends. (*Id.* at 522-23).

Plaintiff cites to portions of Dr. Reichert's treatment records that he argues support a contrary conclusion, including various occasions on which Plaintiff complained of irritability, anxiousness, and depression. (Dkt. 9-1 at 20). But the ALJ noted in his decision that "Dr. Reichert's treatment notes . . . show some deficits in the claimant's mood," and accounted for those deficits by "limiting [Plaintiff's] ability to interact with others[.]" (Dkt. 6 at 522). While the ALJ did not give this evidence

the weight Plaintiff thinks he ought to have, that is not a basis for this Court to disturb the Commissioner's decision.

Similarly, Plaintiff's argument that the ALJ should have given more credence to Plaintiff's mother's reports that he "no longer cares how he looks" and "does not bathe very often, and has to be told to do so" (Dkt. 9-1 at 21) amounts to a disagreement regarding the resolution of genuine conflicts in the evidence. The Court notes that Dr. Reichert himself opined that Plaintiff was "limited but satisfactory" in the ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness. (Dkt. 6 at 774). "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). On the record before it, the Court does not find that it was irrational for the ALJ to conclude that Plaintiff did not have moderate to marked limitations in social functioning.

Turning next to the ALJ's conclusions regarding Plaintiff's ability to maintain concentration, persistence, and pace, Plaintiff argues that it was outside the ALJ's discretion to conclude that Dr. Reichert's observations of "fair concentration" were inconsistent with his opinion that Plaintiff had a marked limitation in this area. (Dkt. 9-1 at 21-22). Plaintiff contends that this amounted to the ALJ impermissibly "playing doctor." (*Id.*). The Court disagrees. The Commissioner's regulations expressly require the ALJ to consider whether the objective medical evidence presented by a physician supports his or her opinions. *See* 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The ALJ did not abuse his discretion in concluding that clinical findings of fair concentration did not support Dr. Reichert's conclusion that Plaintiff had a

marked limitation in this area. *See Tyler M. v. Saul*, No. 3:19-CV-426 (CFH), 2020 WL 5258344, at *10 (N.D.N.Y. Sept. 3, 2020) (finding that ALJ was in her discretion in rejecting opinion that the plaintiff had moderate to marked limitations in maintaining attention and concentration where the plaintiff "maintained fair concentration, attention, insight, and judgment").

Plaintiff again cites observations by his mother as support for the conclusion that he was more restricted than found by the ALJ (Dkt. 9-1 at 23), but it was within the ALJ's discretion to determine what weight to afford this evidence. Finally, Plaintiff observes that "[a]t a consultative examination . . ., examination returned mildly impaired concentration, due to nervousness." (*Id.*). It is unclear to the Court what conclusion Plaintiff thinks should be drawn from this observation. A finding of mildly impaired concentration is not consistent with or support for Dr. Reichert's opinion that Plaintiff had a marked limitation in maintaining concentration, persistence, and pace.

Plaintiff's arguments regarding the ALJ's assessment of Dr. Reichert's opinions that Plaintiff is markedly limited in his ability to adapt and/or manage himself and would have great difficulty maintaining adequate workplace attendance are similarly unpersuasive. Plaintiff contends that the ALJ provided inadequate citations in concluding that Dr. Reichert provided no support for these opinions. (Dkt. 9-1 at 23-24). But it is unclear what Plaintiff contends the ALJ should have cited to demonstrate a lack of supporting clinical findings. The absence of information is not necessarily susceptible to precise citation, and Dr. Reichert's opinions on their face failed to identify any clinical findings to support these limitations. In his March 2019

opinion, when asked to "[d]escribe the clinical findings including results of mental status examinations that demonstrate the severity of your patient's mental impairments and symptoms," Dr. Reichert noted "attention span and concentration are decreased" and "judgment and insight are fair." (Dkt. 6 at 504). He also noted that Plaintiff had "chronic depression" and "amotivation." (*Id.*). In his March 2022 opinion, Dr. Reichert simply wrote "stable" in this section of the form. (Dkt. 6 at 771). Elsewhere in that same opinion, Dr. Reichert opined that Plaintiff was limited but satisfactory in travelling in unfamiliar places, using public transportation, setting realistic goals and making plans independently of others, sustaining an ordinary routine without special supervision, and maintaining regular attendance and being punctual within customary, usually strict tolerances. Under these circumstances, it was not irrational for the ALJ to conclude that Dr. Reichert had failed to identify supporting medical findings for his opinions.

    Plaintiff then again points to evidence in the record that he contends supports Dr. Reichert's opinion. (Dkt. 9-1 at 24). Much of the evidence cited by Plaintiff consists of his own self-reported symptoms and not any clinical findings by Dr. Reichert, and thus is not in conflict with the ALJ's conclusions. Plaintiff also cites Dr. Reichert's findings of "fair insight and judgment" (*id.*) but offers no explanation for how these relatively mild clinical observations support a marked limitation. In sum, Plaintiff has not demonstrated that the ALJ's assessment of the evidence was irrational or that a reasonable factfinder could not have reached the conclusions he reached. *See Brault v. Soc. Sec. Admin., Com'r*, 683 F.3d 443, 448 (2d Cir. 2012).

Plaintiff next argues that the ALJ mischaracterized Dr. Ippolito's findings in assessing the consistency factor and further failed to "consider the consistency of Dr. Reichert's opinions alongside those of state agency medical reviewer L. Hoffman, Ph.D." (Dkt. 9-1 at 26-29). The Court is unpersuaded by these arguments. The ALJ stated that Dr. Ippolito found that Plaintiff "presented as cooperative and socially appropriate despite and anxious and dysphoric mood. His thought process was goal directed, his memory was intact, and his attention/concentration were no more than mildly impaired." (Dkt. 6 at 522). These statements are accurate. (*See id*. at 466-67). There is no merit to Plaintiff's argument that the ALJ "pair[ed] Dr. Ippolito's statements with wildly differing statements from subsequent examiner Christine Ransom, Ph.D." (Dkt. 9-1 at 27-28)—Dr. Ippolito and Dr. Ransom generally agreed with respect to the observations cited by the ALJ. Moreover, the ALJ thoroughly explained his assessment of Dr. Ippolito's opinion elsewhere in his decision. (Dkt. 6 at 521). The Court does not find that the ALJ mischaracterized Dr. Ippolito's findings.

As to the claim that the ALJ failed to consider the consistency of Dr. Reichert's and Dr. Hoffman's opinions, Dr. Hoffman expressly concluded that Plaintiff was able to: sustain a normal workday and work week and maintain consistent pace; understand, remember, and execute simple and mildly complex instructions; appropriately engage in basic interactions to meet work-related needs; and adapt to simple changes in a routine work setting. (Dkt. 6 at 75). Dr. Hoffman's opinion is thus not consistent with the portions of Dr. Reichert's opinion rejected by the ALJ.

In sum, the Court finds no error in the ALJ's assessment of Dr. Reichert's opinion and accordingly finds no basis to vacate or remand the Commissioner's determination.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 11) is granted, and Plaintiff's motion for judgment on the pleadings (Dkt. 9) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: September 29, 2025
Rochester, New York